**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-2433

DAVID BALCH,

    Plaintiff - Appellant,

 v.

ORACLE CORPORATION,

    Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Deborah K. Chasanow, Senior District Judge. (1:19-cv-01353-DKC)

Argued: January 27, 2021            Decided: February 17, 2021

Before KING, KEENAN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Jeffrey Martin Schwaber, STEIN SPERLING BENNETT DE JONG DRISCOLL PC, Rockville, Maryland, for Appellant. Stephen Blake Kinnaird, PAUL HASTINGS LLP, Washington, D.C., for Appellee. **ON BRIEF:** Deanna L. Peters, Micah L. Kanters, STEIN SPERLING BENNETT DE JONG DRISCOLL PC, Rockville, Maryland, for Appellant. Carson H. Sullivan, Sarah G. Besnoff, PAUL HASTINGS LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The plaintiff in this District of Maryland civil action, David Balch, appeals the district court's denial of his petition to vacate an arbitration award in favor of the defendant, Oracle Corporation. As explained herein, we affirm.

I.

Balch was the Vice President of Software Sales in Oracle's National Security Group. In December 2016, after closing a lucrative government contract and then retiring, Balch filed a demand for arbitration against Oracle, claiming that he was owed additional bonus compensation under the terms of his employment contract (the "2015 Compensation Plan") and under the Maryland Wage Payment and Collection Law (the "MWPCL"). Balch relied on the absence of any language in the 2015 Compensation Plan that capped the amount of bonus compensation he could receive.

Following a period for discovery in the arbitration proceedings, the arbitrator granted Balch and Oracle's request to file cross-motions under Judicial Arbitration and Mediation Services Rule 18, to be treated as cross-motions for summary judgment under Federal Rule of Civil Procedure 56. Along with their cross-motions, the parties presented summary judgment briefing and oral argument by counsel. Thereafter, the arbitrator ruled that Balch was not due any additional compensation (the "Award"). As reflected in the Award, the arbitrator determined the following: (1) there were no material facts in dispute that would require a hearing on the merits; (2) Oracle did not breach the 2015 Compensation Plan by its decision not to pay Balch a larger bonus; and (3) Oracle did not

violate the MWPCL. More specifically, the arbitrator ruled that the 2015 Compensation Plan gave Oracle the right to correct "Administrative Errors" at any time. The arbitrator then concluded that not including a cap on Balch's bonus compensation in the 2015 Compensation Plan was an "Administrative Error," and thus Balch was not due additional bonus compensation. Balch filed a petition to vacate the Award in a Maryland state court, and Oracle then removed the matter to the District of Maryland.

In the district court proceedings, Balch argued that in the Award, the arbitrator ignored the essence of the 2015 Compensation Plan, that the arbitrator deprived him of a fundamentally fair hearing, and that the arbitrator manifestly disregarded the MWPCL. By its Memorandum Opinion and Order of November 2019, however, the district court denied Balch's petition to vacate the Award, rejecting each of Balch's claims. *See Balch v. Oracle Corp.*, No. 1:19-cv-01353 (D. Md. Nov. 15, 2019), ECF Nos. 15 & 16. First, the court ruled that the arbitrator did not ignore the essence of the 2015 Compensation Plan because there was undisputed evidence presented that the failure to insert a cap into the Plan was an "Administrative Error," which Oracle was entitled to correct under the Plan's terms. Second, the court determined that the arbitrator had discretion to decide the case like a summary judgment proceeding and afforded Balch a full and fair hearing that included discovery, the presentation of evidence, ample briefing, and oral argument. Finally, turning to the MWPCL claim, the court ruled that the Award was not made in manifest disregard of that state statute, in that the arbitrator had identified and utilized controlling legal principles to analyze Balch's claim.

3

II.

We review de novo a district court's legal rulings regarding the vacatur of an arbitration award. *See Norfolk S. Ry. Co. v. Sprint Commc'ns Co.*, 883 F.3d 417, 422 (4th Cir. 2018). In conducting such a review, there is a strong presumption in favor of confirming the award. *See Williamson Farm v. Diversified Crop Ins. Servs.*, 917 F.3d 247, 253 (4th Cir. 2019). As we have explained, a district or appellate court reviewing an arbitration award "is limited to determin[ing] whether the arbitrators did the job they were told to do — not whether they did it well, or correctly, or reasonably, but simply whether they did it." *See Three S Del., Inc. v. DataQuick Info Sys.*, 492 F.3d 520, 527 (4th Cir. 2007) (internal quotation marks and citation omitted). The mere misinterpretation of a contract or an error of law does not suffice to overturn an award. *See Upshur Coals Corp. v. United Mine Workers of Am., Dist. 31*, 933 F.2d 225, 229 (4th Cir. 1991).

Applying the foregoing legal principles, and having thoroughly assessed the record and carefully considered the arguments of the parties, we are satisfied to affirm the judgment of the district court in this appeal. As further support for our ruling, we readily adopt the court's well-reasoned and carefully crafted Memorandum Opinion disposing of the issues.

*AFFIRMED*